IFP Submitted

# IN THE UNITED STATES DISTRICT COURT

## FOR CENTRAL CALIFORNIA

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUL 23 2025
CENTRAL DISTRICT OF CALIFORNIA
BY _EC_ DEPUTY

JOHN B. DUNZER

18561 Florida St #2024

Huntington Beach, CA 92648

Plaintiff,

v.

DAVID K. GERSTENFELD, in his official capacity as Acting Director Employment Department of the State of Oregon,
   875 Union Street NE
   Salem, Oregon 97311

SARAH SERRES, in her official capacity as Chairperson Employment Appeals Board of the State of Oregon,
   875 Union Street NE
   Salem, Oregon 97311

Defendents,

Case No. 8:25-cv-01606-MRA-(KESx)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# INTRODUCTION

1. Defendents David Gerstenfeld and Sarah Serres refused by letter to provide due process to John Dunzer in his application for Federal Mixed Earners Unemployment Compensation (MEUC) benefits as required by the 14th Amendment of the United States Constitution.

2. Due Process for confirming eligibility for unemployment compensation by the State of Oregon includes a specific regulation, ORS 657.290, which defines the requirements for reconsidering a previous unemployment decision. Any party who has a claim for benefits may at any time request reconsideration when there is evidence that an error was caused by misapplication of law by the Oregon Employment Department.

3. The misapplication of the law in the Dunzers case was the lack of ODE consideration of a revision to IRC 469 (c)(7) made by the IRS in 1993 which modified the definition of self-employment income to include IRS Schedule E income when there was material participation by the taxpayer who was defined as a "real estate professional" if time spent met annual requirements as defined by the IRS.

4. Under regulation ORS 657.290, reconsideration shall be accomplished by the Oregon Employment Appeals Board or a special referee designated for the purpose. Reconsideration was denied by the defendents.

5.. Plaintiff John Dunzer seeks declarative and injunctive relief against all defendents

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C.#1331

7. Venue is proper in this district pursuant to 28 U.S.C. #1391(c)

## PARTIES

8. Plaintiff John B. Dunzer is the widower of Katherine E. Dunzer who were the owners and operators of a 3 room licensed Bed and Breakfast, "Lady of the Cove" located in Seaside Oregon. Lady of the Cove was in full continuous operation during the period of 2017 through 2019. Katherine Dunzer provided and actively participated in all housekeeping of previously occupied guest rooms before rerental including laundry and cleaning services during the period during 2018 when the MEUC stimulus program was operational. Per our submitted joint 2018 federal income tax return, the requirements for a minimum of $5,000 non-passive self-employment income to qualify for MEUC were fully met.

9. Defendent David K. Gerstenfeld is sued in his official capacity as Acting Director of Employment Department of the State of Oregon

10. Defendent Sarah Serres is sued in her official capacity as Chairperson of the Appeals Board of the State of Oregon

## STATUTORY BACKROUND

11. The Fourteenth Amendment of the United States Constitution ratified in 1868 guarantees that states cannot deprive anyone of life, liberty, or property without due process of law. This includes procedural due process which is following proper legal procedures.

12. The definition of Property as described in line 11 above has been clarified by Goldberg v. Kelly in which the Court held that the loss of a benefit such as the stimulus unemployment payment provided by the

MEUC are a statutory property right for persons qualified to receive them.

13. On December 27, 2020 the President signed into law the Consolidated Appropriations Act 2021 which included the MEUC Stimulus Program. This taxpayer program provided a $300 weekly unemployment benefit between December 26, 2020 and March 14, 2021 for those citizens who meet self-employment income tests. The State of Oregon employment Department elected to administer this program using the statutes and procedures developed, documented and utilized by the State of Oregon for unemployment compensation.

14. The State of Oregon Employment Department (OED) mailed out a request to John Dunzer, an Oregon resident in mid-May 2021, to supply submitted 2018 Federal Income Tax returns documenting over $5,000 in self-employment income. John Dunzer responded in a timely manner to this request on May 26, 2021

providing documentation showing 2018 self-employment income of $10,647 for the Dunzers.

15. The OED issued a Notice of Determination to the Dunzers on September 17, 2021 (4 MONTHS AFTER APPLICATION) stating that the income tax information provided by the Dunzers showing that the $10,647 in income was passive income and not self-employment income as claimed by the Dunzers and that the Dunzers had no eligibility for MEUC. If the Dunzers wished to appeal this decision the only alternative given was to apply for a hearing that would be held by the Oregon Department of Administrative Hearings. The Dunzers applied for this appeal hearing on October 8, 2021 and supplied additional information documenting, on a detailed worksheet with dates and hours worked, that Katherine Dunzer had met the IRS requirements for a minimum of self-employment of 750 hours of professional real estate services during the year. The hearing was finally held on May 25, 2022. The OAH decision issued on July 19, 2022 (9 MONTHS AFTER APPLICATION) did not conclude that the

$10,647 income was passive income as stated by the employment department decision. Instead OAH stated that $10,647 in real estate rental income must be submitted on Schedule C instead of Schedule E. This is not correct per the actual heading of IRS Schedule E which clearly states right on the top of the form that "Use Schedule E (Form 1040) to report income or loss from rental real estate. The OAH decision was totally incorrect and a timely appeal per Oregon procedures was submitted on July 25, 2022 to the Oregon Appeals Board (EAB).

16. The Employment Appeals Board requested submittal of any additional written arguments which were submitted on August 4, 2022. The EAB issued its decision rejecting the MEUC claim by the Dunzers. It also did not cite the earlier reasons for ODE and OAB rejection which were that the income was not self-employment or that it should have been shown on Schedule C rather than Schedule E. It cited that the Dunzer claim was rejected because it didn't meet the

definition of self-employment under 26 U.S.C..1402(b) which requires that the Dunzers must be real estate dealers.

17. Since its 1993 Revision, The Internal Revenue Code (IRC) Section 469 has defined passive activity as follows. Generally any real estate rental activity is considered passive by the IRS regardless of whether the taxpayer materially participates in the rental activities. The general rule DOES NOT apply if the taxpayer qualifies as a "real estate professional under IRC 469 (c)(7) and materially participates in the rental activity. The IRS has established tests for material participation. 2018 IRS 1040 Schedule E, which was initially filed with our request for MEUC, documented that Katherine Dunzer met the test for being a "Real Estate Professional" and her income is therefore self-employment and was not passive as stated in the EAB appeal decision. The Omnibus Budget Reconciliation Act of 1993 documented this exception and remedied the unfairness (per IRS Chief Council) of treating material participation of the activities of real estate

professionals as passive. Per IRS direction and Form 1080 Schedule E, income and instructions, if active participation in real estate rentals meets minimum annual participation of 750 hours then the income should be considered self-employment income.

18. On January 6th, 2023 a Request for Reconsideration was filed with defendent Gerstenfeld citing Oregon Regulation ORS 657.290 (Continuous Jurisdiction of Director, reconsideration of previous decisions). This regulation document states that there should be reconsideration of a rejected claim for benefits by "either the director of employment or his designate or the employment appeals board if there is evidence that an error was made in a decision that was caused by misapplication of law by the department". The misapplication of the law was created by the passage by Congress of the Omnibus Budget Reconciliation Act of 1993(30 YEARS BEFORE THIS APPLICATION) which changed the Tax Code to recognize, codify, and document that there is an exception to being passive income if the income is

earned by a real estate professional (not necessarily a licensed real estate broker). If participation in rental real estate annually is over 750 hours, the IRS considers the income as self-employment.

19. A copy of this "Request for Reconsideration" was also submitted the Statewide Elder Abuse Research Prosecutor within the Criminal Division of the Oregon Department of Justice. Elder abuse in Oregon is defined under O.R.S. 124.100. There was no reply received by the Dunzers.

20. An action may be brought under O.R.S. 124.100 for financial abuse (b) when an elderly person requests that another person transfer to the elderly person any money or property that the other person holds or controls without good cause and fails to take reasonable steps to make this money or property readily available to the elderly person when (B) the other person should have known of the right of the elderly person to have the money or property transferred as requested.

21. On May 5, 2023 (5 MONTHS FROM DATE OF RECONSIDERATION APPLICATION) Defendent Gerstenfeld replied that he has no authority to reconsider a final decision by the EAB Appeals Board as directed by ORS 657.290. He stated that he can reconsider a decision only if it is made by someone who works directly for his department and that department decision appeals under Oregon legal procedures are stated in the department decision to be limited to the Office of Administrative Hearings. However, the Oregon Appeals Court in its response to an appeal filed by Dunzer considers the EAB to be part of Oregon Department of Employment. There appears to be no statute definition provided by Oregon Department of Employment which would contradict direction that is provided by ORS 657.290.

22. On May 8, 2023 Defendant Serres replied that she has the authority to reconsider a final decision by the EAB Appeals Board within 20 days of which the EAB decision was mailed. However, the published

EAB decision on page 8 makes no mention of this 20 day appeal authority and only provides appeal information on filing an appeal with the Oregon Court of Appeals within 30 days of the date of service of a final decision.

23. On May 25, 2023 Dunzer filed a petition for judicial review and requested that the filing fee be waived or deferred because of his low income. On July 25, 2023, after an unexplained delay of over 60 days, the Appeals Court, granted the motion to defer filing fee payment of $391 and set a payment plan of $25 per month. This payment plan was partially completed by the Dunzers to a balance of $66. The appeal was not conducted because there was never a revised final report generated by ODE from the Dunzers request for reconsideration. The Appeals Court on August 4, 2023 on its own motion dismissed the judicial review and kept the $325 that the Dunzers had paid toward the deferred filing fee.

24. On July 25,2024 filed a report of fraud to the contracting agency for the MEUC program, "The

Employment and Training Administration, U.S.Department of Labor Washington D.C. 20210". Dunzer cited in this report that the Oregon Employment Department erred in its decision to refuse reconsideration in his request for MEUC benefits. There was no reply received by Dunzer.

## FACTUAL ALLEGATIONS

25.  The Dunzers submitted to ODE in a timely manner, starting on May 26,2021, all required documentation that they met the requirements for a minimum of $5,000 self-employment income to qualify for employment compensation to be paid under the MEUC program. The Dunzers qualifications were denied and due process for any reconsideration by ODE on May 8, 2023.  This was a total of 23. 5 months of delay all caused by ODE reaching their decision on this matter and refusing reconsideration.

26. The reason for rejection of the Dunzer's MEUC eligibility were changed by ODE 3 times over this 2-

year period from not being self-employment, to being filed on the wrong IRS Form, to the Dunzers not being real estate brokers. All of these supposed reasons for ineligibility were shown by submitted documentation to be incorrect.

27. ODE never recognized that the IRS modified their Tax Code requirements for changing real estate rental income in 1993 from passive to self employment if active annual participation exceeded 750 hours. The IRS then designates these taxpayers under a new classification as "real estate professionals".

28. The MEUC program was approved by Congress and the President as an effective method of mitigating the negative impacts of reduced economic activity on self-employed citizens during the COVID Epidemic. The Federal Government created MEUC to respond to the EMERGENCY needs of its citizens. The health and safety of U.S. taxpayers required a TIMELY and EFFICIENT effort by the Oregon Department of

Employment (ODE) in certifying the eligibility of its residents to benefit from these benefits ( OVER 2 YEARS OF DELAY IN PROCESSING OUR APPLICATION). The ODE was contracted to perform these emergency certification services. ODE never reached out by picking up the telephone and discussing their issues with certification of the Dunzers eligibility for MEUC. ODE never notified the Dunzers of who within the State of Oregon the Dunzers could contact by phone who would discuss the changes to the IRS tax code made in 1993 which created the misapplication of the law by OES in conducting their MEUC evaluation.

## CLAIM FOR RELIEF

Ultra Vires Action in violation of Section One of the Fourteenth Amendment of the Constitution dealing with procedural due process and Title 6 of the Civil Rights Act of 1964 dealing with discrimination under any program or activity receiving federal financial assistance.

29. Plaintiff repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

30. The Fourteenth Amendment of the Constitution in Section 1 requires that "No State deprive any person of life, liberty, or property without due process of law". The Dunzers claim that the State of Oregon in evaluating the Dunzers request for benefits under the Federal MEUC program has not performed the due process required by Oregon Statute O.R.S. 657.290 "Reconsideration of Previous Decisions".

31. Under (1) of this statute (ORS 657.290) "The Director of Employment Department ...upon application of any party to a claim for benefits, may at any time reconsider any final decision. Reconsideration may occur when there is evidence of (e) errors caused by misapplication of law by the department".

32. Under (2) of this statute "Such reconsideration shall be accomplished by the director or any employee the director may designate for the purpose"

33. Under (3) of this statute "upon application of any party in interest may in its discretion at any time after the same was made and irrespective of whether it has become final under this chapter, reconsider any previous decision of the Employment Appeals Board. Such reconsideration shall be accomplished by the Employment Appeals Board or special referee designated for the purpose and may include the making of a new decision to the extent necessary and appropriate for the correction of previous error of fact or law. Such new decision shall be subject to judicial review in accordance with O.R.S. 657.282.

34. The operation of the Dunzers Bed and Breakfast was shut down in April 2020 by The City of Seaside because of COVID restrictions. The Dunzers were unable to pay their mortgage without their rental income and limited job opportunities and no

government assistance from MEUC. To avoid foreclosure, they had to list their property. Poor real estate sales were being caused because it was not a going business and COVID restrictions limited real estate sales firms from conducting indoor sales activity with potential buyers. A "fire sale" price of $100,000 under assessed value was accepted to prevent foreclosure on the property.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

   a. Direct the defendents to conduct a reconsideration of the Dunzers elegiblity for MEUC benefits as required by O.R.S. 657.290 due process. Reconsideration should be conducted by an independent unbiased referee appointed by the court.

   b. Award damages for three times the economic and noneconomic damages incurred by the plaintiff in denying due process to its evaluation of MEUC benefits as described by ORS 31.705. Include refund

of filing fees paid by the applicant to the Oregon Appeals Court, loss in property value in forced sale and extended unnecessary decision time for an emergency benefit.

c. Require that the Oregon DOE update appeal rights published by the DOE, OAH and EAB to include reconsideration as defined by O.R.S. 657.290

c. Grant any other relief this Court deems appropriate.

Dated: July 20, 2025            Respectfully Submitted,

                                John B. Dunzer
                                18561 Florida St. #2024
Huntington Beach, CA 92648
                                (949) 304-0631
                                JOHNDUNZER@MSN.COM

The plantiff has read the complaint and the statements within are true to the best of his knowledge and belief

July 20, 2025